# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **TOTAL QUALITY LOGISTICS, LLC** | : | **Case No. 1:21-cv-00164** |
| | : | |
| **Plaintiff,** | : | **Judge Douglas R. Cole** |
| | : | |
| **vs.** | : | |
| | : | |
| **EDA LOGISTICS LLC, et al.** | : | |
| | : | |
| **Defendants.** | : | |

---

### MOTION OF DEFENDANTS EDA LOGISTICS LLC AND RYAN C. DANIELS TO DISMISS PLAINTIFF'S COMPLAINT

---

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants EDA Logistics LLC and Ryan C. Daniels move this Court to dismiss Plaintiff's Complaint. The grounds for this motion are enumerated in the attached memorandum.

Respectfully submitted,

/s/ Brian J. Butler
Marc D. Mezibov (OH No. 0019316)
Brian J. Butler (OH No. 0082675)
MEZIBOV BUTLER
615 Elsinore Place, Suite 105
Cincinnati, OH 45202
Phone: 513-621-8800
Fax: 513-621-8833
mmezibov@mezibov.com
bbutler@mezibov.com

*Attorneys for Defendants*

**MEMORANDUM**

## I. INTRODUCTION

Plaintiff Total Quality Logistics, LLC ("TQL") has brought claims against Defendant Ryan Daniels, a former employee, for breach of his Non-Compete, Confidentiality and Non-Solicitation Agreements ("NCA") with TQL and misappropriation of trade secrets.  TQL has also brought claims against Defendant EDA Logistics LLC, a limited liability company incorporated by Daniels after leaving TQL, for misappropriation of trade secrets, tortious interference with Daniels's contract with TQL, and tortious interference with TQL's business relationships.  All of these claims should be dismissed.

Indeed, TQL's complaint only alleges the following facts with any specificity: Defendant Ryan Daniels organized a limited liability company in the State of West Virginia, Defendant EDA Logistics LLC, that has the stated purpose of engaging in freight brokerage and is licensed by the federal government to do the same.  Beyond that, the complaint contains nothing but conclusory allegations and rote recitations of elements of claims.  It does not actually allege that Defendants have taken any particular customers or engaged in any other particular acts that harm TQL in any way.  TQL could file this exact complaint against any of the thousands of ex-TQL employees and it would read no differently.  The pleading requirements set forth by the Federal Rules of Civil Procedure and ample precedent from the United States Supreme Court demand more.

## II. LAW AND ARGUMENT

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides: "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief[.]"  The Supreme Court has emphasized that the rule

"requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 n. 3 (2007). Although a complaint does not need to state detailed factual allegations, the factual allegations must raise a right to relief "above the speculative level on the assumption that all of the complaint's allegations are true." *Id., 550 U.S. at 545.* To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A complaint will be dismissed pursuant to Rule 12(b)(6) if the facts alleged are insufficient to state a claim. *Twombly,* 550 U.S. at 561-64.

Although the complaint must be liberally construed in favor of the party opposing the motion to dismiss, the Court should not accept conclusions of law or unwarranted inferences of fact cast in form of factual allegations. *Id.* at 555. "The factual allegations, assumed to be true, must do more than create a speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *League of United Latin Am. Citizens v. Bredesen,* 500 F.3d 523, 527 (6th Cir. 2007). To state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory. *Twombly,* 550 U.S. at 562.

Moreover, a complaint cannot be based solely on speculative, conclusory allegations that merely recite the elements of a claim. *See id.* at 545 ("a formulaic recitation of a cause of action's elements will not do"). Unspecified allegations based on "information and belief" are "precisely the kinds of conclusory allegations that *Iqbal* and *Twombly* condemned and thus told us to ignore when evaluating a complaint's sufficiency." *16630 Southfield Ltd. Partn. V. Flagstar Bank, F.S.B.*, 727 F.3d 502, 506 (6th Cir. 2013).

### A. Breach of Contract

To establish a breach of contract claim under Ohio law, TQL must show: (1) the existence of a binding contract or agreement; (2) performance of contractual obligations by the non-breaching party; (3) failure of the breaching party to fulfill its contractual obligations; and (4) damages arising out of the breach. *All Star Land Title Agency, Inc. v. Surewin Inv., Inc.,* 8th Dist. Cuyahoga No. 87569, 2006 WL 3095701, 2006-Ohio-5729 ¶ 19. Here, TQL's claim should be dismissed because the complaint fails to state facts supporting the third element and fourth elements: that Daniels breached his NCA with TQL and that TQL suffered damages as a result.

With respect to breach, a liberal reading of TQL's complaint identifies two ways in which Daniels allegedly violated the terms of his NCA: (1) by being employed by EDA—an allegedly "Competing Business"; and (2) by soliciting TQL's customers. Neither allegation is supported by facts sufficient to survive a motion to dismiss.

First, the NCA defines "Competing Business" as "any person firm, corporation, or entity that is engaged in shipping, third-party logistics, freight brokerage, truck brokerage, or supply-chain management services anywhere in the Continental United States[.]" (Doc. 2 at PageID# 63). However, TQL's complaint does not allege any specific facts that Defendant EDA is actually brokering freight—only that it is organized for the purpose of doing so and that it has authority with the Federal Motor Carriers Safety Administration to do so. (Doc. 2 at ¶¶ 25-26, PageID# 49). Significantly, TQL does not cure this deficiency in its allegation that "upon information and belief...Daniels is currently employed by and/or affiliated with EDA and performing freight brokerage services in violation of his NDA." (Doc. 2 at ¶ 30, PageID# 49). *See In re Darvocet, Darvon & Propoxyohene Prods. Liab. Litig.* 756 F.3d 917, 931 (6th Cir. 2014) ("The mere

4

fact that someone believes something to be true does not create a plausible inference that it is true").

TQL similarly fails to plead sufficient facts supporting its allegation that Daniels violated the NCA by soliciting TQL customers. According to TQL, "Daniels has further violated the NCA by soliciting and, upon information and belief, doing business with at least one TQL customer with whom he worked while employed at TQL." (Doc. 2 at ¶ 28, PageId# 49). However, as the Sixth Circuit explained in *Southfield*, *supra,* allegations based upon "information and belief" are nothing more than "naked assertions devoid of further factual enhancement" and "contribute nothing to the sufficiency of the complaint." 727 F.3d at 506, *citing Iqbal*, 556 U.S. at 678. In *Southfield*, the Sixth Circuit considered the sufficiency of an Equal Credit Opportunity Act claim alleging discrimination in banking. The plaintiff alleged that, upon information and belief, the defendant had made loans to non-Iraqis. The court found this allegation insufficient to state a claim. "But the plaintiffs have not identified any similarly situated individuals whom Flagstar treated better. They have merely alleged their 'belief' that such people exist." *Id.* Thus, in this case, TQL must identify the customers that Defendants allegedly misappropriated with some particularity in order to state a claim.

Perhaps aware of this, TQL—who has filed hundreds of cases alleging breach of NCAs by former employees—typically identifies by name the specific TQL customer that the breaching party has contacted or otherwise done business with. *See, e.g., Total Quality Logistics, LLC v. AWH, Inc., et al.*, Complaint, ¶ 36 (filed January 19, 2021), attached hereto as Exhibit A). The fact that TQL has not done so here makes clear that its allegations are nothing more than "naked assertions" against Daniels.

Finally, TQL has failed to plead any specific factual allegations that rise "above the speculative level" concerning the damages it has suffered as a result of Daniels's alleged breach. *Twombly,* 550 U.S. at 555 n. 3. There is no reference to the source of the loss, the manner of the loss, or the amount of the loss. The complaint does not reference how or whether Defendant Daniels's alleged activities actually cause harm to TQL, i.e., whether TQL has actually lost contracts or that Daniels has actually used any specific proprietary information. Because TQL has failed to plead facts sufficient to allege that Daniels breached his NCA and/or that it suffered damages as a result, TQL's breach of contract claim against Daniels should be dismissed.[1]

### B. Misappropriation of Trade Secrets

To establish a misappropriation of trade secrets claim, a plaintiff must show: (1) the existence of a trade secret; (2) the acquisition of a trade secret as a result of a confidential relationship; and (3) the unauthorized use of a trade secret. *Kuvedina, LLC v. Cognizant Technology Solutions,* 946 F.Supp.2d 749, 755 (S.D. Ohio 2013). Even assuming TQL can establish that it has trade secrets, it has plead no facts establishing that Mr. Daniels or EDA Logistics LLC has made unauthorized use of them.

TQL contends that "upon information and belief" Daniels "has used, threatened to use, and inevitably will use [confidential information and data allegedly belonging to TQL] in his employment or association with EDA, for his and EDA's benefit." (Doc. 2 at ¶ 49, PageID# 52). Besides the conclusory statement that is admittedly speculative, TQL provides no facts supporting its allegations that Mr. Daniels has actually disclosed trade

---

[1] This deficiency regarding damages is common to all claims and is incorporated into each section below.

secrets, nor has it identified which of its various trade secrets that Defendants have allegedly misappropriated. TQL's conclusions do not satisfy the pleading standard.

### C. Tortious Interference

In the final two counts, TQL alleges Defendant EDA: (1) interfered with the NCA between Daniels and TQL and (2) interfered with TQL's business relationships with its customers. TQL merely recites the elements and does identify the actual wrongful acts it contends EDA committed.

To prove intentional interference with a contact under Ohio law, a plaintiff must prove: (1) the existence of a contract; (2) the wrongdoer's knowledge of the contract; (3) the wrongdoer's intentional procurement of the contract's breach; (4) lack of justification; and (5) resulting damages. TQL's allegations regarding this claim suffer from two key deficiencies. First, as set forth above, TQL has failed to allege that EDA actually engages in freight brokerage and, therefore, does not sufficiently allege that Daniels's employment violates the NCA. Second, TQL's complaint merely recites the elements without any meaningful factual allegations. Indeed, this Court has previously held that nearly identical allegations for tortious interference failed to state a claim. *See Total Quality Logistics, LLC v. Black*, No. 1:18-cv-68, 2018 WL 2335803 at * 2 (S.D. Ohio May 23, 2018) ("These paragraphs plead only 'labels and conclusions [or] a formulaic recitation of the elements' that the Supreme Court found insufficient to pass Rule 12(b)(6) muster.").

The elements of tortious interference with a business relationship claim require (1) a business relationship; (2) the wrongdoer's knowledge of the relationship; (3) the wrongdoer's intentional and improper action taken to prevent a contract formation, procure a contractual breach, or terminate a business relationship; (4) a lack of privilege; and (5) resulting damages. *N. Chem. Blending Corp. v. Strib Indus., Inc.*, 2018-Ohio-

3364, ¶ 42. Here, rather than provide specific facts supporting its claim that EDA intentionally and wrongfully took action to terminate a relationship between TQL and any of its customers, it merely recites the elements of the claim. Indeed, TQL does not identify a single customer that EDA allegedly intentionally induced to cease conducting business with TQL. This is insufficient to state a claim. *See Southfield, supra.*

## III.  CONCLUSION

For all of the reasons set forth above, defendants EDA Logistics LLC and Ryan C. Daniels respectfully request that the Court dismiss TQL's complaint with prejudice.

Respectfully submitted,

/s/ Brian Butler
Brian J. Butler (OH No. 0082675)
Marc D. Mezibov (OH No. 0019316)
MEZIBOV BUTLER
615 Elsinore Place, Suite 105
Cincinnati, OH 45202
Phone: 513-621-8800
Fax: 513-621-8833
mmezibov@mezibov.com
bbutler@mezibov.com

*Attorneys for Defendants*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true and accurate copy of the foregoing was served to all attorneys via the ECF filing system on this 18th day of March, 2021.

/s/ Brian Butler_____
Brian Butler